IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALFREDA M. DOONKEEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-07-304-M |
| ) | |
| UNITED URBAN INDIAN HEALTH ) | |
| COUNCIL INC.; CENTRAL ) | |
| OKLAHOMA AMERICAN INDIAN ) | |
| HEALTH COUNCIL, INC., d/b/a ) | |
| OKLAHOMA CITY INDIAN CLINIC, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is defendant Central Oklahoma American Indian Health Council, Inc., d/b/a Oklahoma City Indian Clinic's ("Clinic") Motion to Dismiss, filed December 6, 2007. On February 19, 2008, plaintiff filed her response. Upon review of the parties' submissions, the Court makes its determination.

On March 12, 2007, plaintiff filed the instant action alleging claims of employment discrimination against defendants. The Clinic now moves to dismiss the instant action against it pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6).[1]

The Clinic first moves the Court, pursuant to Rule 12(b)(1), to dismiss this action for lack of subject matter jurisdiction because plaintiff failed to name the head of the Department of Health and Human Services ("DHHS") or the head of any federal agency in her lawsuit. Specifically, the

---

[1] In its motion, the Clinic moves the Court, pursuant to Rule 12(b)(2), to find that it has no personal jurisdiction over the four individuals named in the praecipe for summons but not named as defendants in the Complaint. The Court finds that the Clinic has no standing to move the Court to find a lack of personal jurisdiction on behalf of these four individuals. The Court would note, however, that while these individuals may have been served, they are not named in the Complaint and, as such, are not considered defendants in this case.

Clinic contends that it is an "executive agency,"[2] and, as such, plaintiff was required to name the head of the agency as a defendant pursuant to 42 U.S.C. § 2000e-16.[3]

> [The Clinic] was established as a temporary demonstration project[4] under the Indian Health Care Improvement Act, 25 U.S.C. § 1650 et seq. One of the purposes of the Act was "to establish programs in urban centers to make health services more accessible to urban Indians." 25 U.S.C. § 1651. To accomplish this goal, contracts or grants are made by the Secretary of Health and Human Service ("IHS"), to urban Indian organizations in order to assist such organizations in the establishment and administration of programs designed to provide health services to urban Indians. 25 U.S.C. § 1652. The treatment of [the Clinic] as a demonstration project within the parameters of the Act, was addressed through a 1992 amendment to the Act:
>
>> (a) Notwithstanding any other provision of law, the . . . Clinic demonstration project . . . shall be treated as service units in the allocation of resources and coordination of care and shall not be subject to the provisions of the Indian Self-Determination Act for the term of such projects. The Secretary shall provide assistance to such projects in the development of resources and equipment and facility needs.
>
> 25 U.S.C. § 1660(a).

*Woodruff v. United States*, 189 F. Supp. 2d 1283, 1284-85 (E.D. Okla. 2002). Further, the term "service unit" has been defined as either "(1) an administrative entity within the Indian Health

---

[2]Title 5, section 105 of the United States Code defines the term "executive agency" as inter alia "an [e]xecutive department." 5 U.S.C. § 105. The statutory list of "executive departments" includes the DHHS. *Id.* § 101. The Indian Health Service ("IHS"), the federal agency statutorily charged with providing health care services to Indians, is a component of the Public Health Service of DHHS. 25 U.S.C. § 1661(a).

[3]Title 42, section 2000e-16(c) of the United States Code provides that an employee may file a civil action, "in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c).

[4]Congressional legislation has since made the demonstration projects in Oklahoma permanent programs within the IHS. Pub. L. 108-447, 118 Stat. 3087 (December 8, 2004).

Service [IHS] or (2) a tribe or tribal organization operating health care programs with funds from the IHS under the Indian Self-Determination Act." 25 U.S.C. § 1603(j).

The Clinic contends that because it is not a tribe or tribal organization, the term "service unit" here can only mean an "administrative entity" within the IHS. While it is true that the Clinic is treated as a "service unit" and, thus, as an "administrative entity" within the IHS for the purposes of allocating resources and coordinating care, the Court finds that this Congressional recognition of the Clinic as a service unit for these limited purposes does not warrant a finding that the Clinic is an "executive agency" for all purposes, including section 2000e-16 and its requirement to name the head of the agency as a defendant. *See Woodruff v. Covington*, 389 F.3d 1117, 1129 (10th Cir. 2004) (finding that statutory language regarding "allocation of resources" does not expressly waive government's sovereign immunity for purposes of Federal Tort Claims Act suits against Clinic).

Accordingly, the Court finds that this action should not be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because plaintiff failed to name the head of the DHHS or the head of any federal agency in her lawsuit.

The Clinic also moves to dismiss plaintiff's Complaint pursuant to Rule 12(b)(6) because the Complaint does not on its face allege violations of Title VII and/or any other federal statute that would convey subject matter jurisdiction on this Court. Having carefully reviewed plaintiff's Complaint, the Court finds that plaintiff's Complaint does fail to adequately allege violations of Title VII and that plaintiff's Complaint should be dismissed for this reason. However, based upon plaintiff's response, this Court finds that plaintiff is, in fact, seeking to allege employment discrimination in violation of Title VII and that plaintiff should be given an opportunity to amend her Complaint to adequately allege said violations.

Accordingly, the Court GRANTS the Clinic's Motion to Dismiss [docket no. 11]. Further, the Court GRANTS plaintiff leave to file an Amended Complaint; said Amended Complaint shall be filed on or before May 15, 2008.

**IT IS SO ORDERED this 18th day of April, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE