**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ALFREDA M. DOONKEEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-07-304-M |
| | ) |
| CENTRAL OKLAHOMA AMERICAN | ) |
| INDIAN HEALTH COUNCIL, INC., | ) |
| d/b/a OKLAHOMA CITY INDIAN | ) |
| CLINIC, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This case is scheduled for trial on the Court's July 2009 trial docket.

Before the Court is defendant's Motion for Summary Judgment and Opening Brief in Support, filed May 1, 2009. On May 19, 2009, plaintiff, who is proceeding *pro se*, filed her response, and on June 1, 2009, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

Plaintiff began her employment with defendant in March 2000, as an Administrative Support Clerk, a temporary position. After her temporary period expired, defendant hired plaintiff as a full-time employee in October 2000, and she was later promoted to the position of Executive Administrative Assistant in February 2002.

Plaintiff was injured on the job in March 2004. Plaintiff started and stopped physical therapy but eventually had surgery on October 5, 2005. On May 26, 2006, plaintiff's doctor released her to return to work. Plaintiff advised defendant that she had been released to return to work, and on or about June 16, 2006, plaintiff received a letter from defendant directing her to come to the

Administrative Conference Room on June 19, 2006. Because plaintiff allegedly was afraid to go to the meeting, plaintiff did not attend the meeting. Defendant terminated plaintiff's employment on June 20, 2006.

Plaintiff has now filed the instant action pursuant to Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e, et seq. Upon review of plaintiff's second amended complaint, it appears plaintiff is asserting claims for hostile work environment, discrimination, and retaliation.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.	Discussion

    A.	Hostile Work Environment

To survive summary judgment on a hostile work environment claim, a plaintiff must show:

> that under the totality of the circumstances (1) the harassment was pervasive or severe enough to alter the terms, conditions, or privilege of employment, and (2) the harassment was racial or stemmed from racial animus. General harassment if not racial or sexual is not actionable. The plaintiff must show more than a few isolated incidents of racial enmity. Instead of sporadic racial slurs, there must be a steady barrage of opprobrious racial comments.

*Bolden v. PRC Inc.*, 43 F.3d 545, 551 (10th Cir. 1994) (internal quotations and citations omitted).

Having carefully reviewed the parties' submissions, and viewing the facts and inferences in the light most favorable to plaintiff, as the Court must at the summary judgment stage, the Court finds that plaintiff has not presented sufficient evidence to create a genuine issue of fact as to whether the alleged harassment was pervasive or severe enough to alter the terms, conditions, or privilege of her employment. The only evidence in the record which could support a hostile work environment claim are two to three comments made to plaintiff over the approximately six years that plaintiff worked for defendant. The Court finds these few isolated incidents are clearly not a steady barrage of opprobrious racial comments and, thus, do not establish a hostile work environment.

Accordingly, the Court finds defendant is entitled to summary judgment on plaintiff's hostile work environment claim.

    B.	Discrimination

Plaintiff asserts that she was discriminated against based upon her gender, race, and color. Even assuming that plaintiff could establish a prima facie case of gender, race, and/or color discrimination, defendant has provided a legitimate, non-discriminatory reason for discharging

plaintiff – her failure to appear at the meeting and her alleged falsification of her employment application and resume. Because defendant has provided a legitimate, non-discriminatory reason for discharging plaintiff, the burden shifts to plaintiff to show that there is a genuine issue of material fact as to whether defendant's explanation is pretextual. *Equal Employment Opportunity Comm'n v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1191 (10th Cir. 2000). Pretext can be established if the plaintiff shows either "that a discriminatory reason more likely motivated the employer or ... that the employer's proffered explanation is unworthy of credence." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981) (citation omitted). "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000).

Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds plaintiff has failed to present any evidence showing that defendant's explanation is pretextual. Specifically, the Court finds plaintiff has presented no evidence showing that a discriminatory reason more likely motivated defendant and has presented no evidence showing that defendant's proffered explanation is unworthy of credence. Plaintiff has simply failed to present any evidence that her termination took place under circumstances that give rise to an inference of discrimination.

Accordingly, the Court finds defendant is entitled to summary judgment on plaintiff's discrimination claims.

  C. <u>Retaliation</u>

To establish a prima facie case of retaliation, plaintiff must show that (1) she engaged in protected opposition to discrimination; (2) she was subject to adverse employment action; and (3)


a causal connection exists between the protected activity and the adverse action. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1234 (10th Cir. 2000). A "causal connection may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action." *Conner v. Schnuck Mkts., Inc.*, 121 F.3d 1390, 1395 (10th Cir. 1997).

Having carefully reviewed the parties' submissions, and viewing the facts and inferences in the light most favorable to plaintiff, the Court finds that plaintiff has not presented sufficient evidence to create a genuine issue of fact as to whether she engaged in protected opposition to discrimination and as to whether there exists a causal connection between any protected activity and the adverse action. Specifically, the Court finds plaintiff has presented no evidence that she had engaged in protected opposition to discrimination and has presented no evidence of circumstances that would justify an inference of retaliatory motive.

Accordingly, the Court finds that defendant is entitled to summary judgment as to plaintiff's retaliation claim.

IV.   Conclusion

For the reasons set forth above, the Court GRANTS defendant's Motion for Summary Judgment [docket no. 37].

**IT IS SO ORDERED this 15th day of June, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE